LÓPEZ, PLAINTIFF AND APPELLANT, v. CENTRAL VANNINA,
DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in
an Action of Unlawful Detainer.

No. 1702.—Decided February 26, 1918.
Decided on reconsideration July 19, 1918.

UNLAWFUL DETAINER—LEASE—RENT—PLACE OF PAYMENT—OBLIGATION OF LES-
SEE.—When a contract of lease does not expressly specify the place of pay-
ment of the rent it must be concluded, pursuant to section 1139 of the Civil
Code, that the place of payment is the domicil of the lessee. This does not
mean that the lessee is not obliged to make payment until demand therefor
has been made upon him by the lessor. His obligation is independent and
should be performed without requiring any action on the part of the other
contracting party, having recourse if necessary to the means of deposit pro-
vided for and regulated by law.
ID.—DEFAULT IN PAYMENT.—The lessor can evict the lessee when the latter fails
to pay the rent in accordance with the conditions agreed upon.

ON RECONSIDERATION.

The defendant in this case having moved for a reconsideration of the judgment
rendered by this court on February 25, 1918, citing the judgment of the
Supreme Court of Spain of April 12, 1879, and pleading as a new ground
that the said defendant had been depositing the due monthly rent in the
office of the clerk of the court and that the plaintiff herself had withdrawn
the said deposits, a reconsideration was granted and a rehearing having
been held, the court rendered the same judgment as before, ratifying its
original opinion and holding that the jurisprudence relied on was not ap-
plicable and that it could not take into account the new plea regarding the
deposits, for that would be changing the conditions under which the appeal
was submitted by the parties to the appellate court.

The facts are stated in the opinion.
*Messrs. Muñoz & Brown* for the appellant.
*Mr. Damián Monserrat, Jr.,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action of unlawful detainer. Plaintiff and defend-
ant entered into a contract of lease containing the following
clauses: "The rental under this lease is one hundred and
twenty dollars monthly which the lessee corporation agrees
to pay to the lessor, the owner of the properties, at the end
of each month." The place where payment was to be made
was not stated in the contract.

The first allegation of the plaintiff was that when the complaint was drawn on August 24, 1916, the defendant had not paid her the monthly rent for the previous month of July. Defendant admitted in its answer of August 28, 1916, that it had not paid the rent for July, but alleged as special defense that neither the plaintiff nor any other person in her name had demanded payment in any manner whatever.

The district court decided the case in favor of the defendant. Its conclusions are summed up in the paragraph of its opinion which reads as follows:

"The evidence shows that the plaintiff in this case has no representative residing in San Juan, where the defendant corporation has its office, to whom the monthly rent can be paid. The plaintiff took no action whatever to collect the rent for July and August. According to the contract, the defendant corporation is obliged to pay the rent at the end of each month, but in accordance with section 1139 of the Civil Code, this obligation should be complied with at the domicil of the Central Vannina. The lessee is bound to pay the rent when it is due, but is under no obligation to go away from its domicil in order to do so, and if the lessor desires prompt payment without any inconvenience, she should authorize some person to receive payment of the rent in her name at the domicil of the defendant corporation. Until the lessee is given an opportunity to make payment it cannot be said that it has failed to comply with the conditions of the contract with regard to the payment of the monthly rent."

After carefully considering the pleadings and the evidence we fully agree with the district court that in the absence of an express stipulation in the contract it must be concluded, in accordance with the provisions of section 1139 of the Civil Code, that the place of payment is the domicil of the defendant corporation. But this conclusion does not carry us to the extreme of holding, as was held by the said court, that the lessee is not required to make payment unless the lessor designates a person at the domicil of the lessee to receive the rent.

According to section 1458 of the Civil Code, the lessee is

obliged to pay the rent in the manner agreed upon. Its obliga-
tion is independent and should be fulfilled without requiring
any action by the other party to the contract. In *Partida* 5,
Title XIV, Law VIII, the Wise King said:

"Men stipulate mutually to give or to do something on a day
or within a time certain. Therefore, we hold that each party must
give or do what he promised to give or do within the time fixed;
and failure of one to demand fulfilment is no excuse for the non-
compliance of the other."

It is true, as held by the trial court, that the lessee was
not obliged to go away from its domicil to make the payment,
but without moving therefrom it could and should have made
the payment even in case no one appeared to demand it, ac-
cording to the plain provisions of sections 1144 *et seq.* of the
Civil Code.

Commenting on article 1176 of the Spanish Civil Code,
similar to section 1144 of our own, Manresa expresses himself
as follows:

"In the two paragraphs of this article five cases are enumerated
by the code: One in which the tender of payment is followed by
the refusal of the creditor to accept the same and four in which the
deposit may be made without tender; namely, in the absence of the
creditor; in case of his incapacity; in case several persons claim a
right to collect, and in case the instrument witnessing the obligation
has been mislaid.

"Besides these five cases the following three are usually added:
When the creditor is unknown; when he refuses to give a receipt,
and when he fails to appear in due time at the place agreed upon
or the place designated by law in order to collect. The inclusion
of the last case does no violence to the provisions of the code, either
considering the purpose of the same, which is to give the debtor an
opportunity to avoid the undue continuance of the cares and respon-
sibilities which the obligation carries with it, or because the said
hypothesis may be said to be expressly admitted by the code in so
far as it refers to the absence of the creditor; not in an exact sense
like the legal situation treated of in Book First of the Code, but in
a general acceptance like the failure to appear at the place and time

agreed upon in the contract. As a general rule a previous tender will not be necessary in these cases unless the debtor knows the residence of the creditor and can easily make the tender to him; but as these circumstances are not presumed, the burden of proof is on the creditor should he object to the deposit on the ground of defects of form." VIII Manresa, Spanish Civil Code, 317.

Therefore, the lessee having failed to comply with its obligation to pay the rent according to the conditions agreed upon, the right of the lessor to bring an action of unlawful detainer is indisputable. Section 1472, Civil Code; sec. 9, Unlawful Detainer Act of 1905; *Finlay* v. *R. Fabian & Co.*, 24 P. R. R. 140. Consequently, without considering the other cause of action on which the complaint is based, the appeal is sustained, the judgment appealed from is reversed and a judgment for eviction is rendered as prayed for, without special imposition of costs.

---

On motion for reconsideration MR. JUSTICE DEL TORO delivered the following opinion of the court on July 19, 1918:

This case was disposed of by this court on February 26, 1918, the judgment appealed from being reversed. The Central Vannina, the defendant, moved for a reconsideration and a rehearing was granted. Both parties appeared and with the new pleadings the case was again submitted for review and decision.

After a careful consideration of all the circumstances of the case, we sustain the first opinion upon which our judgment of February 26 was based.

The Central Vannina invokes in its behalf the judgment of the Supreme Court of Spain of April 12, 1879, which held as follows:

"In dismissing the action of unlawful detainer brought by the owners against the defendant on the ground that on April 12, the date of the complaint, the latter had not paid the stipulated rent for the second semester which began on the first of said month, the judgment appealed from did not violate clauses 1 and 2, or any other

clause, because while it is true that the defendant agreed to pay the rent of 34,000 *reales* semi-annually in advance, nevertheless, as it was not stated where or to whom the payment was to be made; as, on the other hand, it is customary in Madrid for the owner, or his agent, to go to the house of the tenant to collect the rent unless otherwise stipulated, and as nobody made a demand upon the defendant for the payment of the rent for the said semester, it cannot be concluded that the tenant had refused to pay, especially after he had made the deposit with the consent of the court.''

The case before the Supreme Court of Spain was different from this case. There, ''after the filing of the complaint the parties were convoked for an oral hearing, the defendant having been summoned on April 18, and on the following day Francisco Morales filed a plea alleging that as nobody had called to collect the semi-annual rent which became due in advance on the 1st of the said month and as he did not know where to make payment, inasmuch as there were three owners and none of them nor their agent had called to collect, although it was customary to make collection at the house of the tenant, he did not care to wait longer and deposited the sum of 17,000 *reales,* the amount of said semi-annual rent, which deposit was allowed by the court.''

In this case there was only one lessor and the custom of the place was not alleged in proper form. The fact that many times the plaintiff sent to collect after the monthly instalments were due, can be understood only as an act of mere tolerance which does not modify the contract, in which it is clearly stipulated that the payments shall be made monthly when due; that is, that the rent fell due on the last day of each month, a condition which was well understood by both parties to the contract. Besides, in this case, instead of following the course adopted by the defendant in the case decided by the Supreme Court of Spain by making the deposit forthwith, the defendant alleged in its answer that it was not required to pay until demand for payment had been made, and this is exactly what we have decided against the defendant.

Another of the reasons upon which the Central Vannina bases its prayer for judgment in its favor is that it has been depositing the due monthly instalments in the office of the secretary of the district court and that the plaintiff herself has withdrawn the amount of said deposits. According to the motion for reconsideration, the original complaint was filed on August 15, and according to the certificate accompaying the same, the first deposit was made on the 26th of that month. This fact was not alleged by the defendant and does not appear in the transcript of the record. It appears only from the motion for reconsideration and in the certificate accompanying the same. This being the case, we cannot take it into consideration, because this would amount to changing the conditions under which the appeal was submitted to this court by the parties.

Finally, the defendant prays that in the event that this court should decide the plaintiff's first cause of action against the defendant, it also consider and decide the second cause of action set up in the complaint. Perhaps if we were to enter upon a consideration of said second cause of action we would decide also that the judgment of the district court should be reversed, but we are neither obliged to do this nor do we consider it necessary or opportune in the interests of justice in the present case.

*Reversed and substituted.*

Justices Wolf, Aldrey and Hutchison concurred.
Chief Justice Hernández dissented.
Chief Justice Hernández and Justice Aldrey took no part in the first decision of this case.

---

DISSENTING OPINION OF MR. CHIEF JUSTICE HERNÁNDEZ.

I regret having to dissent from the opinion of my distinguished colleagues, but I am in accord with the theory upon which the District Court of San Juan, Section 1, based

its opinion that there was no default in the payment of the rents of the properties under the lease entered into between Teresa López and the Central Vannina, such default having been alleged in the complaint as a first cause of action.

In the opinion on which the said court based its judgment dismissing the action of unlawful detainer the said theory is summed up in the following words:

"The evidence shows that the plaintiff in this case has no representative residing in San Juan, where the defendant corporation has its office, to whom the monthly rent can be paid. The plaintiff took no action whatever to collect the rent for July and August. According to the contract, the defendant corporation is obliged to pay the rent at the end of each month, but in accordance with section 1139 of the Civil Code, this obligation should be complied with at the domicil of the Central Vannina. The lessee is bound to pay the rent when it is due, but is under no obligation to go away from its domicil in order to do so, and if the lessor desires prompt payment without any inconvenience, she should authorize some person to receive payment of the rent in her name at the domicil of the defendant corporation. Until the lessee is given an opportunity to make payment it cannot be said that it has failed to comply with the conditions of the contract with regard to the payment of the monthly rent."

The place of payment not having been stipulated in the contract of lease, payment should have been made at the domicil of the lessee corporation, pursuant to section 1139 of the Civil Code, and the domicil of the plaintiff being elsewhere, it is clear that, as held by this court in its opinion, following the theory of the lower court, the lessee was not obliged to go away from its domicil in order to make payment.

The provisions of sections 1144 *et seq.* of the Civil Code regarding tender of payment and deposit are not applicable. It is true that it was stipulated in the contract of lease that the Central Vannina should pay the rent to the lessor at the end of each month, and it follows from that stipulation that the payment became due and was therefore demandable

at the end of each month.  However, this does not mean that it was agreed that the rent should be paid on the very day of its maturity, but that the creditor could collect the same from that time on, without imposing any obligation upon the debtor to seek for the creditor in order to pay her or to deposit the amount of the rent if the creditor did not come to collect.  A day was agreed upon for the maturity of the obligation, but a day was not fixed for making payment, as was done in the cases of *García* v. *Fernández*, 8 P. R. R. 102, and *Finlay* v. *Fabian & Co.*, 24 P. R. R. 140.  To require the debtor to deposit the rent in case the creditor did not appear promptly to collect would be to work a hardship on the former, since it would have to go to the domicil of the creditor in order to tender payment or to notify her of the deposit in order to make the same valid at law, pursuant to section 1145 of the Civil Code; for, as said by Manresa and accepted by this court, a previous tender of payment is necessary when the debtor knows the residence of the creditor and can easily make the tender.  In a case like this, in which these considerations are present, the lessee would be obliged to seek out the lessor in order to make the tender of payment, and, in any event, in order to give notice of the deposit.  Such was not the intention of the contracting parties according to the evidence examined at the trial, which shows that the rent for December, 1915, was paid on January 18, 1916; that for January, 1916, on February 2; that for March, 1916, on April 14; that for April, 1916, on the 13th of the following month, and that for June, 1916, on the 26th of the same month.  It was the intention of the parties that the rent should be paid when the creditor called or sent to collect and not that the debtor should be charged with the duty of tendering payment of the rent or of depositing the same when it became due at the end of the month.  According to section 1249 of the Civil Code, in order to judge as to the intention of the contracting parties, attention must principally be paid

to their acts contemporaneous with and subsequent to the contract.

The obligation to deposit the rent when due, if the creditor fail to appear at the domicil of the debtor to collect it, does not arise from the contract, nor can it arise from the law according to the provisions of section 1057 of the Civil Code, which provide that obligations arising from law are not presumed and that those *expressly* determined in said code or in special laws are the only demandable ones. *Franco Oins et al.* v. *Caneja, ante,* p. 457.

As the plaintiff neither personally nor through the agency of a third person made demand upon the defendant for the payment of the rent, and such failure to pay formed the basis of the first cause of action set up in the complaint of unlawful detainer, it cannot be held that the lessee refused to make payment. Judgment of the Supreme Court of Spain of April 12, 1879, 41 J. C. 435.

For the foregoing reasons the conclusion is clear that the action of unlawful detainer should have been dismissed in so far as it rests upon failure to pay the rent.